UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOWELL MILNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:16CV1445 RLW |
| | ) |
| CORIZON MEDICAL CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lowell Milner's motion for leave to commence this action without prepayment of the required filing fee. (Docket No. 2). For the reasons stated below, the Court will grant the motion and assess plaintiff an initial partial filing fee of $3.83. *See* 28 U.S.C. § 1915(b)(1). The Court will also require plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

A prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. *Id.* After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's account indicates an average monthly balance of $19.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.83, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)(2)(B)

The Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action against Corizon Medical Corporation and the Missouri Department of Corrections, and three individuals plaintiff identifies as Dr. Diabstere, Dr. Winklemeyer, and Dr. Haq. In his complaint, plaintiff states that he has severe chronic health conditions, and that Corizon and the Missouri Department of Corrections do not want to provide treatment. After listing several of his health conditions and referring to the defendants collectively, he states in conclusory fashion that they have denied him medical care.

## Discussion

While it is apparent that plaintiff is claiming that he was denied medical care, he has not explained how each named defendant was personally involved in the deprivation of his constitutional rights. Instead, he refers to the defendants collectively, and states in conclusory fashion that they denied him health care. As written, the complaint fails to state a claim upon which relief can be granted.

To properly state a claim for relief, a complaint must plead more than legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A complaint is not sufficient if it contains only bare assertions with no factual enhancement. *Id.* Because "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights," the complaint must set forth specific facts demonstrating how each individual defendant contributed to the alleged constitutional violation. *Id.* at 676.

Because plaintiff's claims are serious in nature, the Court will provide plaintiff an opportunity to amend his complaint. In so doing, plaintiff must follow the Court's instructions as set forth below, or this action may be dismissed without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly identify each of the defendants against whom he is alleging a claim, and he must clearly identify the name and title of each defendant, to the extent he knows it. He must also articulate, <u>for each defendant</u>, the factual circumstances surrounding his or her

3

alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

The Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this order, plaintiff must pay an initial filing fee of $3.83. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank copy of this Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 3rd day of October, 2016.

                                             RONNIE L. WHITE
                                             UNITED STATES DISTRICT JUDGE