# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOWELL MILNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:16CV1445 RLW |
| | ) |
| CORIZON MEDICAL CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Lowell Milner for the appointment of counsel, which was accompanied by a proposed amended complaint. (Docket No. 6). Plaintiff will be ordered to file a second amended complaint.

### Procedural History

On September 12, 2016, plaintiff filed his original complaint in this Court, apparently attempting to allege that he was denied health care. Named as defendants were Corizon, the Missouri Department of Corrections, and three individual physicians. In the complaint, plaintiff stated that he had several severe health conditions, referred to the defendants collectively, and concluded that they had denied him health care. Plaintiff did not specify the capacity in which he was suing the defendants.

On October 3, 2016, the Court noted that the complaint failed to state a claim upon which relief could be granted, and ordered plaintiff to file an amended complaint. In that order, the Court instructed that plaintiff must state the capacity in which he was suing the defendants, and also that he must set forth specific facts demonstrating how each individual defendant contributed to the alleged violation or violations of his constitutional rights. On October 17,

2016, plaintiff responded by filing the instant motion, accompanied by a proposed amended complaint.

## The Amended Complaint

The amended complaint contains the same defects of the first: it fails to state whether plaintiff is suing the defendants in their individual capacities, their official capacities, or both, it refers to the defendants collectively, and otherwise merely contains bare assertions with no factual enhancement. More specifically, the amended complaint names as defendants the Missouri Department of Corrections, Corizon, Dr. Karen Duberstein, Dr. Winklemeyer, and Dr. Haq. Plaintiff states that he has several severe chronic health conditions, that "they (DOC and Corizon)" have him on 17 different drugs and refuse to tell him what "they" are treating him for, and that his "personal outside physician" recommended a medical treatment regime but "they are not following instruction!!" (Amended Complaint at p. 6).

Because plaintiff is proceeding pro se, the Court will allow him to file a second amended complaint. **Plaintiff must include all claims he wishes to bring in the second amended complaint, because the filing of a second amended complaint replaces the original complaint and the amended complaint.** *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

**It is insufficient to refer to the defendants collectively and conclude that they violated his constitutional rights or failed to provide medical care. Plaintiff must set forth specific facts showing how each and every defendant is directly responsible for the alleged harm.**

**In order to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the complaint. If plaintiff fails to sue a defendant in his or her**

2

**individual capacity, this action may be subject to dismissal as to that defendant**.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should (1) set forth the allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights he claims that defendant violated and (2) state whether the defendant is being sued in his/her individual capacity or official capacity. Plaintiff should then proceed in that same manner with each of the remaining defendants.

The second amended complaint must contain short and plain statements showing that plaintiff is entitled to relief. The allegations must be simple, concise and direct, and the numbered paragraphs must each be limited to a single set of circumstances. No exhibits are to be attached to the second amended complaint. Plaintiff must sign the second amended complaint before sending it to the Court.

Plaintiff must submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific and actionable allegations against a particular defendant will result in the dismissal of his case against that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within twenty-one days of the date of this Order, in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

In the instant motion, plaintiff writes: "[p]lease could the court appoint me a attorney for my case?" [*sic*] (Docket No. 6). The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 732 F.3d 940, 942 (8th Cir. 2013); *see* 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court <u>may</u> appoint counsel.") (emphasis added). Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. <u>Edgington v. Missouri Dept. of Corrections</u>, 52 F.3d 777, 780 (8th Cir. 1995), <u>abrogated on other grounds</u>, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). In the case at bar, plaintiff has yet to allege a prima facie claim. The Court will address the motion to appoint counsel if and when plaintiff does so.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall detach Attachment 1 from Docket Number 6, and file it as "Amended Complaint."

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff, along with a copy of this Memorandum and Order, a copy of this Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this

Memorandum and Order, the Court will dismiss this action without prejudice.

Dated this 24th day of October, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE