UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOWELL MILNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:16CV1445 RLW |
| | ) |
| CORIZON MEDICAL CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On September 12, 2016, plaintiff filed his original complaint in this Court, apparently attempting to allege that he was denied health care. Named as defendants were Corizon, the Missouri Department of Corrections, and three individual physicians. In the complaint, plaintiff stated that he had several severe health conditions, referred to the defendants collectively, and concluded that they had denied him health care. Plaintiff did not specify the capacity in which he was suing the defendants. On October 3, 2016, the Court reviewed the complaint, concluded that plaintiff had failed to state a claim upon which relief could be granted, and ordered plaintiff to file an amended complaint. The Court provided plaintiff with specific instructions regarding how to properly compose the amended complaint, including specifically instructing him to specify the capacity in which he was suing the defendants. The Court also ordered plaintiff to submit an initial partial filing fee of $3.83, which to date remains unpaid.

On October 17, 2016, plaintiff submitted a motion with an amended complaint attached. The amended complaint was detached and docketed on October 24, 2016. Also on that date, the Court reviewed the amended complaint and determined that it contained the same defects as the

first: it failed to state whether plaintiff intended to sue the defendants in their individual capacities, their official capacities, or both; it failed to state with any specificity what each defendant did to violate plaintiff's constitutional rights; and contained only bare assertions without factual enhancement.

The Court ordered plaintiff to file a second amended complaint within 21 days, giving him specific instructions regarding how to do so. Plaintiff was also very clearly cautioned that if he failed to timely comply with the Court's order, his case would be dismissed without prejudice. Plaintiff's response to the Court was due November 14, 2016. To date, plaintiff has filed nothing.

The situation presently before the Court is one in which plaintiff has refused to comply with two Court orders: the October 3, 2016 Order to the extent it directed him to submit an initial partial filing fee by November 2, 2016, and the October 24, 2016 Order directing him to submit a second amended complaint no later than November 14, 2016. Also notable is the fact that plaintiff failed to follow any of the Court's instructions included in the October 3, 2016 Order regarding how to properly compose the amended complaint. All of the foregoing leads the Court to conclude that plaintiff's failure to comply with this Court's orders was intentional rather than accidental, and that plaintiff will continue to fail to prosecute his case. It is also apparent that plaintiff would most likely continue to refuse to comply with future Court orders, either by not responding to them at all or by failing to follow the instructions therein. The Court therefore determines that dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to comply with court orders and to prosecute his case. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a complaint); *see also*

*Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding the district court's Rule 41 dismissal after the plaintiff refused to comply with court orders, finding the district court did not need to find that the plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint, and all of plaintiff's causes of action against all of the defendants, are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of November, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE